# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE: | Bankruptcy No. 10 B 43501 |
| Freecrest Investments, LLC, | |
| Debtor. | Judge Eugene R. Wedoff |
| Thomas B. Sullivan, Chapter 7 trustee of the bankruptcy estate of Freecrest Investments, LLC, | |
| Plaintiff, | |
| v. | Adv. No. |
| Kinzia Salon LLC, Julie Kinsella and Katrina Binzen, | |
| Defendants. | |

## COMPLAINT TO AVOID AND RECOVER TRANSFERS

NOW COMES the Plaintiff, Thomas B. Sullivan, chapter 7 trustee (the "Trustee") of the bankruptcy estate of Debtor Freecrest Investments, LLC, and for his complaint to avoid and recover transfers against the Defendants, Kinzia Salon LLC, Julie Kinsella and Katrina Binzen, states as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 in that it is a civil proceeding arising under, arising in, or related to a bankruptcy case under Title 11 of the United States Code.

2. This complaint arises under 11 U.S.C. §§ 547(b), 548(a), 549(a) and 550(a), and initiates a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(F), (H) and (O).

3. Venue in this District is proper pursuant to 28 U.S.C. § 1409(a).

**Parties**

4. Debtor Freecrest Investments, LLC ("Freecrest" or the "Debtor") commenced this bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on September 29, 2010 (the "Petition Date").

5. The case was converted to a proceeding under Chapter 7 of the Code on October 18, 2011, and Plaintiff was appointed Trustee on October 20, 2011.

6. Defendant Julie Kinsella ("Mrs. Kinsella") and her husband, Donald Kinsella are the sole members of Defendant Kinzia Salon LLC ("Kinzia").

7. Mrs. Kinsella and Donald Kinsella are also the sole members of Freecrest.

8. On information and belief, Mrs. Kinsella and Defendant Katrina Binzen ("Binzen") operate a business known as Kinzia Salon.

**Background Facts**

9. On or about October 1, 2009, Freecrest, as landlord, entered into a lease agreement (the "Lease") with Kinzia, as lessee, for the lease of certain commercial property located at 1130 W. Jefferson Street, Shorewood, Illinois (the "Leased Premises"). A copy of the Lease is attached hereto as Exhibit A.

10. Defendants Mrs. Kinsella and Binzen signed the Lease as representatives of Kinzia.

11. The Leased Premises are part of a commercial retail center located at 1130-1152 W. Jefferson in Shorewood, Illinois (the "Shopping Center"). Freecrest is the owner of the Shopping Center, which is subject to a mortgage held by The PrivateBank and Trust Company ("PrivateBank").

12. Under the terms of the Lease, Kinzia was to make monthly payments of rent

and taxes to Freecrest, and it undertook other obligations, including the payment of common area maintenance fees ("CAM") and utilities. The Lease also provided that the amounts of rent, taxes and CAM were adjustable. The term of the Lease was five years.

13. On or about March 2, 2010, PrivateBank commenced a proceeding to foreclose its mortgage on the Shopping Center in the Circuit Court of Will County, Illinois.

14. On or about July 30, 2010, the Debtor entered into a lease amendment agreement (the "Amended Lease Agreement") which changed the Lease to a month-to-month lease, and made other changes that reduced Defendants' obligations under the Lease. A copy of the Amended Lease Agreement is attached hereto as Exhibit B.

15. Among the changes in the Amended Lease Agreement, charges for minimum rent, taxes and CAM would not be increased during the term of the Lease, and Kinzia would not be required to pay certain utilities.

16. The Debtor's interest in the Shopping Center is one of the principal assets of the Debtor's bankruptcy estate.

17. The Debtor's interest in the Shopping Center derives much of its value from the revenue stream from tenant leases.

18. Under the terms of the Amended Lease Agreement, rental revenue from the Leased Premises is insufficient to cover the costs of maintaining the Leased Premises.

19. Defendants Kinzia and Mrs. Kinsella are insiders of the Debtor.

20. The Amended Lease Agreement was made within 90 days of the Petition Date.

21. The Amended Lease Agreement was made while the Debtor was insolvent.

## Count I – 11 U.S.C. § 547(b)

22. Plaintiff incorporates the allegations of paragraphs 1 through 21 of this complaint as if fully set forth herein.

23. The Debtor's interest in the revenue stream from the Leased Premises is an interest in property.

24. Because the Lease obligated the Debtor to provide retail space to Defendants, potentially subjecting the Debtor to claims for lease termination damages, Defendants are creditors of the Debtor.

25. The reduction to Defendants' obligations under the Amended Lease Agreement reduced the value of the Debtor's interest in the Leased Premises, and therefore constitutes a transfer of property (the "Transfer").

26. The Transfer benefitted the Defendants.

27. The Transfer was made on account of an antecedent debt owed by the Debtor to Defendants before the Transfer was made.

28  At the time of the Transfer, the Debtor was insolvent.

29. The Transfer enabled Defendants to receive more than Defendants would have received if (a) the Debtor's Case was a case under Chapter 7, (b) the Transfer had not been made; and (c) Defendants received payment of Defendants' claims to the extent provided under the provisions of the Bankruptcy Code.

30. The Transfer therefore constitutes an avoidable preference under 11 U.S.C. § 547(b), and Plaintiff is entitled to an order and judgment avoiding the Transfer.

WHEREFORE Plaintiff Thomas B. Sullivan, Trustee, requests that the Transfer to Defendants Kinzia, Mrs. Kinsella and Binzen be avoided.

**Count II – 11 U.S.C. § 548(a)(1)(B)**

31. Plaintiff incorporates the allegations of paragraphs 1 through 30 of this complaint as if fully set forth herein.

32. The Debtor received less than a reasonably equivalent value in exchange for the Transfer.

33. The Debtor was insolvent on the date that the Transfer was made.

34. Because the Transfer constitutes a fraudulent transfer, Plaintiff may avoid the Transfer pursuant to 11 U.S.C. § 548(a)(1)(B)

WHEREFORE Plaintiff Thomas B. Sullivan, Trustee, requests that the Transfer to the Defendants be avoided.

**Count III – 11 U.S.C. § 549(a)**

35. Plaintiff incorporates the allegations of paragraphs 1 through 34 of this complaint as if fully set forth herein.

36. The Amended Lease Agreement indicates that it was updated, and that its terms were confirmed on January 15, 2011, after the Petition Date.

37. The updating and confirmation of the terms of the Amended Lease Agreement (the "Post-Petition Transfer") was not authorized by the Bankruptcy Code or order of the Court.

38. Because the Post-Petition Transfer was not authorized by the Bankruptcy Code or order of the Court, the Post-Petition Transfer may be avoided pursuant to 11 U.S.C. § 549(a).

WHEREFORE Plaintiff Thomas B. Sullivan, Trustee, requests that the Post-Petition Transfer to the Defendants be avoided.

## Count IV – 11 U.S.C. 550(a)

39. Plaintiff incorporates the allegations of paragraphs 1 through 38 of this complaint as if fully set forth herein.

40. Defendants are the initial transferees of the Transfer and the Post-Petition Transfer.

41. Pursuant to 11 U.S.C. § 550(a), to the extent the Transfer and the Post-Petition Transfer are avoided, Plaintiff is entitled to recover from the Defendants the value of the Transfer and the Post-Petition Transfer.

42. The amount of funds that should have been paid under the original Lease are now due and payable to the Debtor, and the amount thereof should be assessed and made payable by the Defendants.

WHEREFORE Plaintiff Thomas B. Sullivan, Trustee, requests that the Transfer and the Post-Petition Transfer to Defendants Kinzia, Mrs. Kinsella and Binzen be avoided, and that the Trustee recover from Defendant a sum equal to the amount of funds that should have been paid to the Debtor under the terms of the October 1, 2009 Lease of the Lease Premises

          Respectfully submitted,
          Thomas B. Sullivan, Trustee


          By: /s/ David E. Grochocinski
              One of his attorneys

David E. Grochocinski
InnovaLaw, P.C.
1900 Ravinia Place
Orland Park, IL 60462
Tel.: (708) 675-1975
Fax: (708) 675-1786